IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARMEN N. WATSON,                     )
                                      )
                     Plaintiff,       )
                                      )
v.                                    )        Case No. 19-1044-EFM
                                      )
UNIFIED SCHOOL DISTRICT NO. 500,      )
                                      )
                     Defendant.       )

## **ORDER**

Defendant Unified School District No. 500 has filed a motion to stay discovery (ECF No. 19) pending the court's ruling on its motion to dismiss (ECF No. 10). The pro se plaintiff, Carmen Watson, has not filed a response to the motion to stay discovery and the time for doing so under Rule 6.1 has run. Under D. Kan. Rule 7.4, "if a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The court could grant this motion solely on the ground that it is unopposed, but will briefly address the merits.

Background

Plaintiff filed this case on February 25, 2019, alleging employment discrimination based on harassment, unequal treatment, and retaliation while employed by defendant.[1]

---

[1] ECF No. 1.

Plaintiff's motion to proceed in forma pauperis was granted on February 27, 2019.[2] Defendant filed a motion to dismiss on April 23, 2019, seeking dismissal based on the applicable statute of limitations, failure to exhaust administrative remedies, and failure to state a claim for which relief can be granted.[3] Plaintiff filed her response to the motion to dismiss on May 8, 2019.[4]

As earlier indicated, plaintiff has not timely responded to the motion to stay, though she did timely respond to the motion to dismiss. Plaintiff has not contacted the court for any additional time or continuances related to the motion to stay. Defendant requests a stay on discovery based on the pending dispositive motion.

Analysis

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[5] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity

_____

[2] ECF No. 4.

[3] ECF No. 10.

[4] ECF No. 22.

[5] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

from suit.[6]  The decision whether to stay discovery rests in the sound discretion of the court.[7]

The court has reviewed the record, the instant motion, and the pending motion to dismiss.  The court concludes that a stay of pretrial proceedings is warranted until the court resolves defendant's pending dispositive motion.  As an initial matter, the motion to stay is unopposed and the time for plaintiff's response has run.  The court's local rules provide that the court will decide the motion as uncontested and will ordinarily grant the motion without further notice.[8]

Defendant has further shown it is entitled to a stay on the merits.  If defendant's motion is granted, it will likely result in dismissal – or at least narrowing – of plaintiff's claims.  Defendant argues that (1) plaintiff has not proven she is part of a Title VII class, as required by 42 U.S.C.A. § 2000(e); (2) plaintiff has not exhausted her administrative remedies; (3) plaintiff's FLMA claims are time-barred; and (4) plaintiff's work-related injuries constitute a state workers' compensation claim whose exclusive remedy is within the Kansas Workers' Compensation Act.[9]

---

[6] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[7] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[8] D. Kan. R. 7.4; *Woltkamp v. Kansas*, No. 16-2790-JAR, 2017 WL 373381, at *1 (D. Kan. Jan. 26, 2017).

[9] ECF No. 11.

Though the undersigned judge does not state an opinion as to the validity of defendant's motion to dismiss, the court is satisfied that the case would likely be concluded should defendant prevail on its dispositive motion. Even if the dispositive motion does not result in the complete dismissal of plaintiff's claims, a ruling could narrow the case, "making discovery at this point wasteful and burdensome."[10] Further, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[11] At this stage, the court generally considers only the adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.[12] A stay is therefore appropriate for this additional reason.

Defendant's motion to stay is granted. All pretrial proceedings in this case are stayed until further order of the court. Should the case survive the pending motion to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned chambers within 14 days of the ruling of the motion. The court will then set a scheduling conference.

IT IS SO ORDERED.

---

[10] *Woltkamp*, 2017 WL 373381, at *1.

[11] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[12] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017); *Fattaey*, 2016 WL 3743104, at *2.

Dated May 20, 2019, at Kansas City, Kansas.

_ s/ James P. O'Hara _
James P. O'Hara
U.S. Magistrate Judge