UNITED STATES DISTRICT COURT
OF
KANSAS

Case No. 6:19-cv-01044-efm

**CARMEN WATSON**
Pro Se' plaintiff,

V.

**UNIFIED SCHOOL DISTRICT NO. 500,**
Defendant's,

**PLAINTIFF'SRESPONSE TO DEFENDANT'S OPPOSITION TO SUMMARY JUDGMENT**

The plaintiff filed motion and affidavit for summary judgment (efc no.97) pursuant to FRCP Rule 56 following the order of District Judge Eric Melgren (efc no. 77) granting the plaintiff's claims pursuant of the ADA Anti-Retaliation provision. The plaintiff is entitled to claims and damages sought from the defendant' as a matter of law. However, the defendant has opposed the plaintiff's motion for summary judgment alleging the motion was prematurely filed.

**STATEMENT OF FACTS**

- Plaintiff filed amended complaint on May 6th, 2019 seeking damages against the defendant and seeking monetary damages alleging the former employer had over the course, harassed, mistreated, threatened, retaliated against her upon complaining to the immediate

supervisor regarding the employer's unlawful practice's. Which continued or progressed upon the plaintiff's filing and participating in two separate investigational charges with the Kansas Human Rights Commission and Equal Employment Rights Commission.

- July 30th, 2019 the District Court Of Kansas' Judge Eric Melgren, in judgment (EFC No. 77), ordered all claims by the plaintiff be dismissed Except those pursuant to the Anti-retaliation provisions
- October 2, 2019 the plaintiff filed motion for summary judgment as a matter of law, and citing no genuine issue as to material fact.
- The defendant now opposes the motion for summary judgment alleging prematurity.

QUESTION PRESENTED

1. Has the defendant's opposition met any standard to defeat the plaintiff's motion for summary judgment.
2. Did the defendant' show or allege that a dispute exists on a material fact? If so where in the opposition?
3. Is discovery required in order for the granting of motion for summary judgment?
4. How would discovery such as the plaintiff's medical, KPER, and other confidential records be of relevance or defense to evidence previously presented showing acts of retaliation by the defendant?

FACTS

5. Although the burden is heighten on the moving party when filing motion for summary judgment when attempting to show the courts there is no genuine issue in the matter, the defendant has hardly contradicted or opposed the plaintiff's motion. In fact, the

defendant made no reference to the plaintiff's motion for summary judgment at all let alone dispute any facts. K.A.N. RULE 141 opposing a summary judgment, must state:

(A) uncontroverted; (B) uncontroverted for purposes of the motion only; or (C) controverted, and if controverted: (i) concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment;.

6. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–52 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Curtis v. Anthony, 710 F.3d 587, 594 (5th Cir. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In the course of 103 filings in this matter, the defendant' has yet to provide the existence of an element essential to that party's opposing the plaintiff's motion for summary judgment and retaliation claims.

CONCLUSION

The court required and granted, the plaintiff had first met the legal standard for claims alleged in her motion for summary judgment in order dkt. 77,

District Court found the plaintiff was entitled to the claims as a matter of law. Henceforth, the defendant's opposition based on the inability to obtain the plaintiffs retirement, and medical records is not valid. Furthermore is repulsive and offered no dispute to any facts stated and evidence presented in the plaintiff's motion for

summary judgment. The defendant's opposition to dkt. (97) motion for summary judgment should be denied, by the courts.

### CERTIFICATE OF SERVICE

I hereby certify that on the 5 day of November 2019, I filed the foregoing with the Clerk of the Court and sent a copy via U.S. mail, postage prepaid to the following:

Counsel for Defendant's

Gregory Goheen

McANANY, VAN CLEAVE & PHILLPS, P.A.

10 E. Cambridge Circle Drive, Suite 30

0Kansas City, Kansas 66103

I declare under penalty of perjury that the foregoing is true and correct.

Carmen Watson

November 5, 2019