UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARMEN N. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-1044-EFM |
| | ) |
| USD 500 KANSAS CITY, KANSAS, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

The *pro se* plaintiff, Carmen N. Watson, brings this employment-discrimination action against her former employer, Unified School District 500, alleging she was retaliated against after she complained to her supervisor that she and other disabled bus drivers were treated unfairly. She has filed a motion requesting the court appoint her counsel (ECF No. 117). For the reasons discussed below, the motion is denied.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment-discrimination case.[2] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of

---

[1]*Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

[2]*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

counsel would be fundamentally unfair.[3]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present her claims, and the complexity of the legal issues raised by the claims."[4]  The court also considers the efforts made by the litigant to retain her own counsel.[5]

The court does not find it appropriate to appoint counsel for plaintiff.  First, although plaintiff lists law firms she has contacted to request representation, none of those firms are in the Kansas or Missouri local area.  Attorneys from other states often are not licensed to practice in this court.  Plaintiff should contact local attorneys if she wishes to pursue hiring counsel.  Second, a review of the papers prepared and filed by plaintiff indicates she is capable of presenting her case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants.  The factual and legal issues in the case are not complex.  The court has no doubt that the district judge who is assigned to this case will have little trouble discerning the applicable law.  Finally, based on the limited factual allegations and claims presented in the complaint and response to the motion to dismiss,

---

[3]*Id.*

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

[5]*Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

the court is unable to determine whether plaintiff's remaining claim is particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting her case, the court is certain she can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel therefore is denied. However, should plaintiff's case survive the pending dispositive motions (ECF Nos. 97 and 109), she may file a subsequent motion for appointment of counsel if she chooses.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

Copies of this order shall be sent by regular mail to the *pro se* plaintiff.

IT IS SO ORDERED.

Dated February 4, 2020, at Kansas City, Kansas.

  s/James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge