# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CARMEN N. WATSON,

    *Plaintiff,*

v.

                                                          Case No. 19-1044-EFM-JPO

U.S.D. NO. 500,

    *Defendant.*

## MEMORANDUM AND ORDER

Carmen N. Watson ("Plaintiff"), proceeding pro se, claims that her employer, U.S.D. No. 500 ("Defendant"), retaliated against her because of her disability. The Court previously denied in part and granted in part Defendant's Motion to Dismiss for failure to state a claim (Doc. 77). Pursuant to this Court's previous order, Plaintiff's only remaining claim is retaliation in violation of the Americans with Disabilities Act ("ADA").

There are several motions and objections currently before the Court. Plaintiff moves the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 97). Plaintiff has also filed "Objections" to several of Magistrate Judge O'Hara's rulings (Docs. 99, 125). Defendant has filed a Motion for Partial Judgment on the Pleadings (Doc. 109). For the reasons stated in more detail below, the Court denies Plaintiff's motions and grants Defendant's motion.

## I. Factual and Procedural Background

Plaintiff worked as a bus driver for Defendant from 2008 to 2018. Since 2014, Plaintiff has suffered from numerous disabilities. On multiple occasions between January 2017 and September 2018, Plaintiff complained to Defendant's managerial staff that she was being harassed and retaliated against because of her medical conditions and other related factors.

Following her complaints, in May 2017 and again in September 2018, Plaintiff filed harassment and retaliation grievances with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). In October 2018, KHRC completed its investigation of Plaintiff's first complaint. KHRC found no probable cause. On November 28, 2018, the EEOC dismissed Plaintiff's first complaint and issued her a right to sue letter. In May 2019, the KHRC dismissed Plaintiff's second complaint due to the filing of this suit.

On February 25, 2019, Plaintiff filed this suit against Defendant and four supervisory employees. On May 6, 2019, Plaintiff filed an Amended Complaint asserting claims for relief under the ADA, Titles VI and VII of the Civil Rights Act, Title IX of the Education Amendments, the Rehabilitation Act, 42 U.S.C. § 1983 for a violation of the First and Fourteenth Amendments of the United States Constitution, and the Kansas Act Against Discrimination.[1] Plaintiff seeks $500,000 in total damages for her ADA retaliation claim including compensatory, punitive, and special damages. Plaintiff also requests a jury trial.

On June 6, 2019, Defendant and two supervisory employees filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. On July 30, 2019, the Court granted Defendants' motions to dismiss all claims except for Plaintiff's retaliation claim under the ADA against this Defendant. The Court concluded that Plaintiff's ADA

---

[1] *See* Doc. 20.

claim, treated as true, raised a plausible inference that Defendant's adverse employment actions were the result of Plaintiff's disability discrimination complaints. The Court also dismissed the two supervisory employees from the case. At the scheduling conference on September 5, 2019, the Court dismissed the two remaining supervisors, leaving Defendant as the sole defendant in the matter.

There are multiple motions currently before the Court. Plaintiff asserts that summary judgment is appropriate pursuant to Fed. R. Civ. P. 56. She claims that this Court's previous order found as a matter of law that she was entitled to judgment on her claim. Defendant contends that Plaintiff's motion is premature and should be denied pursuant to Fed. R. Civ. P. 56(d). Defendant has also filed a Motion for Partial Judgment on the Pleadings. It seeks judgment as a matter of law in its favor on Plaintiff's request for punitive damages, compensatory damages, and a jury trial. Finally, Plaintiff has filed "Objections" to several rulings made by Magistrate Judge O'Hara. The Court will address each in turn.

## II.  Analysis

**A.     Plaintiff's Motion for Summary Judgment**

*1.     Legal Standard*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[3] If the movant carries its initial burden, the nonmovant may not simply rest on its

---

[2] Fed. R. Civ. P. 56(a).

[3] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[4] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[5] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[6]

Additionally, the nonmovant is permitted to request deferral on a summary judgment motion pending additional discovery pursuant to Fed. R. Civ. P. 56(d). Under this rule, if the nonmoving party demonstrates by declaration or affidavit, that it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[7]

The Tenth Circuit imposes four requirements on a party seeking relief under Rule 56(d).[8] The party's declaration or affidavit "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain those facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[9] The court retains discretion to grant an opposing party's request under Rule

---

[4] *Id*. (citing Fed. R. Civ. P. 56(e)).

[5] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[7] Fed. R. Civ. P. 56(d).

[8] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). The Court will refer to these four factors as "the *Gutierrez* factors" while recognizing the factors predate the case.

[9] *Id.* (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)) (alternation in original).

56(d).[10] The *Gutierrez* factors are not a high burden, and affidavits submitted under the rule "are entitled to liberal treatment unless they are dilatory or meritless."[11]

2. *Discussion*

As her basis for summary judgment, Plaintiff asserts that the Court's order denying Defendant's Motion to Dismiss established a claim for relief as a matter of law, and that Defendant's filings fail to raise any genuine issue of material fact.[12] In response, Defendant seeks deferral of summary judgment pursuant to Fed. R. Civ. P. 56(d).[13] Defendant argues that deferral is appropriate because Plaintiff has failed to comply with discovery requests, the time for discovery has not closed, and essential facts are unknown.[14] Rule 56(d) does not require Defendant to rebut Plaintiff's motion for summary judgment. Rather, Defendant's request must demonstrate that, due to discovery limitations, Defendant cannot properly oppose the motion.[15] The rule "is designed to safeguard against a premature or improvident grant of summary judgment."[16]

Defendant's affidavit sufficiently establishes the first three *Gutierrez* factors – there are facts currently unavailable to Defendant which Defendant has made efforts to obtain.[17] In its affidavit, Defendant asserts that Plaintiff has failed to comply with the initial discovery disclosures

---

[10] *Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *2 (D. Kan. 2015).

[11] *Jones v. City & Cty. of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984)).

[12] Doc. 77. The Court notes that its previous Order simply found that Plaintiff alleged sufficient facts for her ADA retaliation claim to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

[13] Doc. 103.

[14] *Id.*

[15] *See* Charles Alan Wright et al., *Federal Practice and Procedure*, § 2740 (4th ed. 2019).

[16] *Odhuno v. Reed's Cove Health & Rehab., LLC*, 2018 WL 1566638 at *3 (D. Kan. 2018) (citations omitted).

[17] *See Gutierrez*, 841 F.3d at 908.

required under Fed. R. Civ. P. 26(a).[18] Defendant also satisfies factor four by asserting that more time is necessary to proceed with the discovery process including time to obtain and review Plaintiff's medical information. Defendant claims it intends to serve Plaintiff with interrogatories, requests for production, and conduct depositions. Discovery has not closed, and there are ongoing issues with obtaining discovery. Thus, Plaintiff's summary judgment motion is premature and accordingly the Court denies it.

**B.    Defendant's Motion for Partial Judgment on the Pleadings**

*1.    Legal Standard*

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial. The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[19] To survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[20] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[21] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[22] Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[23]

---

[18] The Court ordered Plaintiff to comply with initial discovery by November 14, 2019.  Doc. 104.

[19] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[21] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

[22] *Id.* (quotations marks and citation omitted).

[23] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other

*2. Discussion*

Plaintiff seeks $500,000 in damages for her ADA retaliation claim – $250,000 in general compensatory damages, $100,000 in front pay, and $150,000 in punitive damages.[24] Plaintiff also requests a jury trial. Defendant asserts that Plaintiff is not entitled to punitive and compensatory damages as a matter of law, and therefore, Plaintiff is not entitled to a jury trial in this matter. The Court will address each category of damages and the right to a jury trial.

Plaintiff seeks $150,000 in punitive damages. Pursuant to 42 U.S.C. §1981(b)(1), punitive damages are not available against a government agency or political subdivision. Defendant is a unified school district and governmental subdivision of the State of Kansas. Thus, punitive damages cannot be awarded for Plaintiff's ADA retaliation clam as a matter of law. Additionally, in her response to Defendant's motion, Plaintiff concedes that her request for punitive damages should be dismissed. Therefore, punitive damages for Plaintiff's ADA retaliation claim will not be considered in this matter.

Plaintiff also seeks $250,000 in compensatory damages. This claim for relief requires analysis under the Civil Rights Act of 1964 and the 1991 amendments. The District of Kansas has concluded that when reviewed together, the statutory language provides compensatory and punitive damages for ADA discrimination claims but not for ADA retaliation claims.[25] Only

---

grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[24] The specific breakdown of dollar figures are from Plaintiff's initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a), attached to Defendant's Motion for Judgment on the Pleadings as Exhibit A, which are $250,000 in general compensatory damages, $100,000 in front pay, and $150,000 in punitive damages.

[25] *Boe v. AlliedSignal Inc*, 131 F. Supp. 2d 1997, 1202-03 (D. Kan. 2011) (reviewing Civil Rights Act of 1964 and 1991); *see also Crumpley v. Associated Wholesale Grocers*, 2018 WL 1933743, at *52 (D. Kan. 2018) (discussing *Boe* and subsequent cases); *Umholtz v. Kan. Dep't of Soc. & Rehab. Servs.*, 926 F. Supp. 2d 1222, 1230-31 (D. Kan. 2013) (denying the award of compensatory and punitive damages); *Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1100-01 (D. Kan. 2001) (finding that the statutory language and legislative history did not support punitive and compensatory damages in ADA retaliation claims); *Simpson v. Hospira, Inc.*, 2009 WL 10706747, at *2 (D. Kan. 2009) (noting that the Tenth Circuit has not directly addressed the issue).

equitable relief is available for an ADA retaliation claim, and a plaintiff is "not entitled to compensatory or punitive damages."[26] Accordingly, to the extent Plaintiff requests compensatory damages, her request must be denied.

As to front pay, Plaintiff that she should be awarded $100,000 as a matter of law because Defendant's motion concedes that front pay is appropriate. Plaintiff appears to misconstrue Defendant's motion because it makes no such concession. Rather, Defendant's motion does not request a pre-trial determination on Plaintiff's request for $100,000 in front pay. Nevertheless, this Court must consider Plaintiff's request for front pay as it relates to her demand for a jury trial. Front pay is considered an award for lost compensation intended to make the plaintiff whole, and it is an appropriate award under Title VII.[27] However, "front pay is not an element of compensatory damages," and the question of whether to award front pay is a question of law to be determined by the court – not the jury.[28] At the appropriate time, the Court will have to determine whether Plaintiff is entitled to front pay on her ADA retaliation claim.

Finally, Plaintiff contends that her retaliation claim requires a jury trial. Pursuant to 42 U.S.C. §1981a(c), any party may demand a jury trial if the complaining party seeks compensatory or punitive damages. "Absent entitlement to compensatory and punitive damages, [p]laintiff is not entitled to a jury trial for [a] retaliation claim under the ADA."[29] As discussed above, Plaintiff

---

[26] *Crumpley*, 2018 WL 1933743, at *52 (quoting *Boe*, 131 F. Supp. 2d at 1203).

[27] *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1145 (10th Cir. 2006) (citing *Abuan v. Level 3 Commc'n, Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003)).

[28] *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001); *McInnis*, 458 F.3d at 1145 (citing *Whittington v. Nordam Group Inc.*, 429 F.3d 986, 1000 (10th Cir. 2005)).

[29] *Boe*, 131 F. Supp. 2d at 1203 (citing 42 U.S.C. § 1981a(c)); *see also Simpson*, 2009 WL 10706747, at *3.

cannot obtain punitive or compensatory damages in this matter. Furthermore, a front pay award, if any, is determined by the court. Therefore, Plaintiff is not entitled to a jury trial.

In sum, Defendant is entitled to judgment as a matter of law with regard to Plaintiff's requests for punitive damages, compensatory damages, and a jury trial, and thus the Court grants Defendant's motion.

**C.     Plaintiff's Objections to Magistrate Judge O'Hara's Rulings**

There are two motions before the Court in which Plaintiff objects to Magistrate Judge O'Hara's rulings. The Court finds that both motions are without merit.

*1.     Legal Standard*

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law."[30] The court does not conduct a de novo review, but applies a more deferential standard which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law.[31] The court is required to affirm the magistrate judge's order unless the entire record leaves the court "with the definite and firm conviction that a mistake has been committed."[32]

*2.     Discussion*

With regard to Plaintiff's first objection, Magistrate Judge O'Hara granted Defendant's Motion for Order to Disclose Records requesting KHRC and EEOC files pertaining to Plaintiff excluding conciliatory records and attorney work product. Judge O'Hara found that the requested

---

[30] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

[31] *See Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D.Kan.1997).

[32] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (noting that the district court judge generally defers to the magistrate judge and overrules an order only for clear abuse of discretion).

information was relevant and discoverable. On October 2, 2019, Plaintiff filed an objection and the instant request for review of Magistrate Judge O'Hara's September 30, 2019 Order (Doc. 99).[33] She claims that Judge O'Hara disregarded this Court's previous order denying Defendant's Motion to Dismiss. Plaintiff asserts that Defendant has no "legal rights for records on a retaliation claim."

Plaintiff lacks any legal basis for this conclusion. Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … [i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Judge O'Hara found Plaintiff's KHRC and EEOC claim information relevant and discoverable. This Court agrees. Plaintiff fails to show how Judge O'Hara's Order is clearly erroneous or contrary to law. Accordingly, the Court denies and overrules Plaintiff's objection.

As to Plaintiff's latest objection, Plaintiff filed a Motion to Appoint Counsel that Judge O'Hara denied on February 4, 2020. In this Order, Judge O'Hara noted that there is no constitutional right to appointed counsel in civil actions, and it lies within the Court's discretion whether to appoint counsel. Judge O'Hara found that it was not appropriate in this case because Plaintiff failed to contact local attorneys willing to represent her and that she appeared capable of presenting her case without counsel. In addition, Judge O'Hara noted that the factual and legal issues were not complex, and it was unclear whether Plaintiff's claim was meritorious.

Plaintiff filed an Objection to Judge O'Hara's order and argues that Judge O'Hara erred in denying her request for counsel. Plaintiff fails to identify any part of Judge O'Hara's order that is clearly erroneous or contrary to law. Judge O'Hara stated the applicable and relevant law.

---

[33] The request for review was contained in the body of an email sent to chambers by Plaintiff. Construed liberally, as the Court must with a pro se party, Plaintiff's email is considered an objection to the Magistrate Judge's Order pursuant to Fed. R. Civ. P. 72(a).

Furthermore, Judge O'Hara provided valid reasons for the decision to deny the appointment of counsel. Thus, Plaintiff's objection is denied and overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 97) is hereby **DENIED** pursuant to Fed. R. Civ. P. 56(d).

**IT IS FURTHER ORDERED** that Plaintiff's Objection and Request for Review of Order of Magistrate Judge re 93 (Doc. 99) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (Doc. 109) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Order of Magistrate Order on Motion to Appoint Counsel (Doc. 125) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd of March, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE